UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT DAVIS,

    Petitioner,

v.                                                  Case No. 5:10-cv-634-Oc-23TBS

WARDEN, FCC COLEMAN-USP I

    Respondent.
_____/

**<u>ORDER</u>**

A prisoner at the Coleman Federal Correctional Complex, Davis is serving a sentence imposed by the United States District Court for the District of Maryland. Davis petitions (Doc. 1) for a writ of habeas corpus under 28 U.S.C. § 2241 and asserts that the sentencing court erred in imposing a sentence of life. The respondent seeks dismissal (Doc. 7) and states that Davis fails to evidence entitlement to review of his sentence under the "savings clause" of 28 U.S.C. § 2255.

Davis attacks the validity of his sentence rather than the means of the sentence's execution and pursues relief under Section 2241 because relief under Section 2255 is barred as a successive petition. Under these circumstances, Section 2255 expressly precludes Davis' pursuit of a remedy under Section 2241.

Section 2255 states that an application "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief . . . ." Davis seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in Section 2255, which permits relief

under Section 2241 if "the remedy by motion [under Section 2255] is inadequate or ineffective to test the legality of [the applicant's] detention." However, Wofford v. Scott, 117 F. 3d 1236, 1244 (11th Cir. 1999), states:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first § 2255 motion.

In this case, Davis should have raised these arguments at sentencing, on direct appeal, and in the Section 2255 motion. To the extent that Davis argues entitlement to relief under the Section 2255 "savings clause," the argument is unavailing. Davis identifies no retroactively applicable Supreme Court decision that triggers relief under Section 2255's "savings clause."*

The petition is **DISMISSED WITH PREJUDICE.** The Clerk is direct to enter a judgment dismissing the petition, to terminate any pending motion, and to close the case.

ORDERED in Tampa, Florida, on October 14, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

\* Davis cites Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), which involves a removal proceeding under the Immigration and Nationality Act and which holds that the federal immigration court could not "*ex post*,[sic] enhance the state offense of record just because the facts known to it would have authorized a greater penalty under either state or federal law." Carachuri-Rosendo is inapplicable.